■ RESIDENTIAL BOARD OF MANAGERS OF ZECKENDORF TOW-

ERS, Respondent-Appellant, v UNION SQUARE-14TH STREET ASSOCIATES et al., Appellants-Respondents, and JOSEPH HARRIS et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Joan Lobis, J.), entered June 3, 1992, which, *inter alia,* denied those branches of defendants-appellants' motion pursuant to CPLR 3211 (a) (3) and (7) as sought dismissal of the complaint as against defendant Zeckendorf and dismissal of the first, second and eighth causes of action as against the remaining defendants-appellants, granted that branch as sought dismissal of the complaint as against defendant Harris, and granted defendant-respondent Kumagai Gumi Co.'s motion to dismiss the complaint as against it, unanimously affirmed, with costs.

With respect to the first cause of action alleging fraud in the sale of condominium units, the IAS Court correctly determined that plaintiff condominium board has standing to make such a claim on behalf of the individual condominium unit owners by reason of explicit statutory authority namely, Real Property Law § 339-dd, under which the board of managers of a condominium is empowered to maintain an action on behalf of the condominium owners with respect to "any cause of action relating to the common elements of more than one unit" *(see, Board of Mgrs. v Fairways at N. Hills,* 150 AD2d 32, 38).

The IAS Court also properly dismissed plaintiff's causes of action for negligence and breach of contract against defendant Kumagai, which contracted solely with the owner for purposes of monitoring the activities of the construction manager, since plaintiff cannot recover solely for economic loss arising out of negligent construction in the absence of a contractual relationship *(Lake Placid Club Attached Lodges v Elizabethtown Bldrs.,* 131 AD2d 159), and since plaintiff is only an incidental, not intended beneficiary of defendant Kumagai's contract with the owner *(Board of Mgrs. v Schorr Bros. Dev. Corp.,* 182 AD2d 664). Absent privity of contract, plaintiff has no right to recover from defendant Kumagai either for negligence or breach of contract *(supra).*

Finally, the IAS Court did not err in dismissing the complaint as against defendant Harris but not as against defendant Zeckendorf, where the complaint alleges that Zeckendorf, in both his individual capacity and as president of defendant Gilrin Holding Corp., signed the Certification of Sponsor, thereby knowingly and intentionally advancing the alleged misrepresentation in the offering plan, but does not allege that Harris personally participated or had actual knowledge

of the wrongful corporate conduct *(Prudential-Bache Metal Co. v Binder,* 121 AD2d 923, 926).

We have reviewed the parties' remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.