■ SANDRA DEVLIN et al., Respondents-Appellants, v 645 FIRST AVENUE MANHATTAN COMPANY et al., Appellants-Respondents, et al., Defendants. [645 NYS2d 476] —Order, Supreme Court, New York County (Carol Arber, J.), entered December 30, 1994, which, *inter alia*, denied the motion on behalf of defendants-appellants-respondents to dismiss the 1st, 2nd, 3rd, 8th, 9th, 10th, 11th, 13th, 14th and 15th causes of action, granted their motion to dismiss the 4th, 5th, 6th and 7th causes of action, and denied their motion for sanctions, unanimously modified, on the law, to vacate the denial of the motion to dismiss the 1st, 2nd, 3rd, 8th, 9th, 10th, 11th, 13th, 14th and 15th causes of action and to grant the motion to dismiss the 1st, 2nd, 3rd, 8th, 9th, 11th, 13th, 14th and 15th causes of action and to dismiss the 10th cause of action except insofar as it seeks redress for damages to the subject apartment caused by flooding from out-of-doors to indoors, and otherwise affirmed, without costs, and order, same court and Justice, entered on the same date, which denied defendants-appellants-respondents' motion for sanctions in connection with their successful motion to quash plaintiffs' subpoena duces tecum addressed to a non-party witness, unanimously affirmed, without costs.

The underlying action herein seeks redress against both the sponsors and the management of a condominium based on various alleged defects in the building and in an individual unit purchased by plaintiffs in 1988, which, they allege, they have never occupied because of said defects. This appeal deals solely with the causes of action pled against the sponsors.

The majority of plaintiffs' claims for breach of contract against these defendants, which are found in their 8th, 9th, 10th and 11th causes of action, should be dismissed for lack of standing since, under the specific language of the purchase agreement, plaintiffs, as individual unit owners, may not seek relief directly from the sponsors with respect to anything defined in the purchase agreement as a common element but must instead seek to have the board of managers pursue their remedies for them. However, to the extent that plaintiffs claim that these defendants failed to repair conditions which caused plaintiffs' apartment to experience flooding, their claim was properly asserted. Under the extended liability provided for by the survival agreement with regard to the sponsor's post-closing obligations, the sponsor specifically undertook responsibility for any "subsequent flooding from out-of-doors to

indoors". Since this type of damage was specifically included in the survival agreement, the sponsors may not now claim that plaintiffs are not permitted to pursue this claim directly against them. Moreover, the reference in the survival agreement, that sponsor's responsibility for flooding repairs would be in accordance with paragraph M of the purchase agreement, does not indicate to the contrary, since paragraph M merely delineates the type of notice which must be provided to the sponsors before they are required to make repairs.

Plaintiff's 3rd cause of action, which concerns responsibility for repairs necessitated by a roof fire which took place long after closing, should be dismissed as against these defendants. Plaintiffs appear to be asserting a conspiracy to commit fraud theory without setting forth the necessary factual allegations from which, *inter alia*, the inference may be drawn that these defendants entered into an agreement or understanding to cooperate in some fraudulent scheme, as would be necessary for plaintiffs to proceed against them under such a theory (*see, First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 472; *Abrahami v UPC Constr. Co.*, 176 AD2d 180).

Moreover, we find that plaintiffs' 1st, 2nd, 13th and 14th causes of action, which seek to state causes of action for fraud, should also be dismissed. The mere addition of allegations that the contracting parties did not intend to meet their contractual obligations does not serve to convert a cause of action for breach of contract into one for fraud (*see, e.g., DePinto v Ashley Scott, Inc.*, 222 AD2d 288).

Plaintiffs' 15th cause of action should also be dismissed as attorney's fees are not recoverable absent specific statutory or contractual authority (*Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5). We note that, even had plaintiffs asserted a right to attorney's fees pursuant to General Business Law § 349 (h), such a claim would not lie in this case because the requisite broad impact on consumers at large is not evident (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320).

Plaintiffs' 4th, 5th, 6th and 7th causes of action were properly dismissed in reliance upon *Frisch v Bellmarc Mgt.* (190 AD2d 383; *see also, Residential Bd. of Mgrs. v Berman*, 213 AD2d 206; *Matter of Abbady [Mailman]*, 216 AD2d 115). However, while we find that the dismissal was proper, defendants' argument that sanctions should be imposed against plaintiffs based on their assertion of these causes of action is untenable, as plaintiffs' arguments regarding their viability were colorable. Similarly, we find that under the circumstances of this case, the denial of defendants' request for sanctions

with regard to a subpoena duces tecum seeking production of certain documents while the dismissal motion was pending was well within the court's discretion and should not be disturbed. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.