■ CITY OF NEW YORK et al., Plaintiffs, v ALBERT J. ZUCKERMAN et al., Respondents, and THOMAS IVELI, Also Known as THOMAS IVELLI, et al., Appellants, et al., Defendants. [651 NYS2d 473] —Judgment, Supreme Court, New York County (Bruce Wright, J.; Edward Lehner, J., on renewal motion), entered February 8, 1996, which, after a Referee hearing and report, awarded defendants Albert and Eileen Zuckerman the sum of $396,348.23 against defendant 234-6 W. 22nd St. Corp. and $178,748.90 against defendants Iveli and Sigmund, unanimously modified, on the law and the facts, the award vacated to the extent that it is in favor of defendant Eileen Zuckerman, and the award of attorneys' fees vacated except in connection with defendants-respondents' fourteenth cross-claim in the amount of $25,000, and otherwise affirmed, without costs.

Defendants-appellants correctly argue that there is no basis for an award in favor of defendant Eileen Zuckerman in this action concerning liability for breaches of agreements with Albert Zuckerman. An award of attorneys' fees as a direct remedy must be based on contract or statute (*see, Devlin v 645 First Ave. Manhattan Co.*, 229 AD2d 343, 344), and can be sustained only with respect to defendants-respondents' fourteenth cross-claim in the amount of $25,000. The exception allowing for attorneys' fees expended in litigating against a third party as a result of a defendant's wrongdoing (*see, Central Trust Co. v Goldman*, 70 AD2d 767, 767-768, *appeal dismissed* 47 NY2d 1008) is inapplicable here, where the alleged wrongdoer is the adversary of the fee claimant in the main action (*see, Hunt v Sharp*, 85 NY2d 883).

Summary judgment was properly granted despite the existence of defendants-appellants' claims against defendants-respondents, since none of them are inseparable from or inextricably intertwined with defendants-respondents' claims against defendants-appellants (*cf., Yoi-Lee Realty Corp. v 177th St. Realty Assocs.*, 208 AD2d 185, 189-190).

We have considered defendant-appellants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.