■ MODELL's N. Y., INC., Respondent, v NOODLE KIDOODLE, INC., et al., Appellants. [662 NYS2d 24] Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about January 7, 1997, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to plaintiff's second and third causes of action, and otherwise affirmed, without costs.

As part of a licensing agreement (Agreement) made as of May 1, 1989, defendant Greenman Bros., Inc., the predecessor by merger to defendant Noodle Kidoodle, Inc. (collectively, Noodle), leased from plaintiff the premises consisting of a portion of the ground floor and basement at 1510 Union Turnpike in Lake Success to operate a branch store of its Playworld chain. The lease term was for the period commencing June 1, 1989 or the date defendants opened for business, whichever was earlier, through January 31, 1999 "subject to earlier termination as expressly provided for herein". At issue are Paragraphs 45 and 46 of the Agreement related to the "Mutual Right of Cancellation" by the parties and the "Hours of Operation" by defendants, respectively.

Specifically, Paragraph 45 provides: "Mutual Right of Cancellation. If, commencing February 1, 1991, gross receipts shall be less than $1,000,000 for the lease year last expiring then, and in such event, at any time within 30 days following the expiration of said lease year either Landlord or Tenant shall have the right to give written notice to the other of its intention to cancel this Lease. In the event that such notice shall be given the Term of this Lease shall cease and expire on March 31 of such year; provided, however, Tenant shall remain liable to Landlord for all rent, additional rent and other charges as may

be due and owing hereunder to the date of said expiration. Upon such date having occurred this Lease shall cease, expire and come to an end as if such date were the date herein previously fixed as the Expiration Date. If Tenant is not open for business by reason of casualty then said $1,000,000 shall be prorated on the basis o[f] the number of days which Tenant was open."

In addition, Paragraph 46 states, in pertinent part: "Hours of Operation. The Tenant will conduct its business in the demised premises in an efficient and reputable manner so as to produce the maximum amount of profitable sales from the premises, and shall keep the premises open to the public for business with adequate personnel in attendance on all days and during all hours (including evenings) established by Landlord in writing from time to time as store hours for the building".

Plaintiff brought the instant suit after it was notified by letter, dated February 14, 1996, that Noodle was exercising the option to terminate the lease because gross sales for the period from February 1, 1995 through January 31, 1996 were $654,856.59. In its complaint, plaintiff alleged causes of action for breach of contract, fraud and a declaration that defendants' cancellation notice was null and void.

After discovery, defendants moved to dismiss for failure to state a cause of action and/or for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on its third cause of action seeking a declaration annulling defendants' cancellation notice.

The motion court denied both the motion and cross motion in their entirety.

Defendants correctly contend that plaintiff's cause of action for fraud, which is based on allegations that defendants deliberately misinterpreted the lease and deliberately suppressed sales so that they could avail themselves of the opportunity to cancel the lease pursuant to Paragraph 45, should have been dismissed. "A cause of action for fraud may arise when one misrepresents a material fact, knowing it is false, which another relies on to its injury" (*Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122). However, "[t]he mere addition of allegations that the contracting parties did not intend to meet their contractual obligations does not serve to convert a cause of action for breach of contract into one for fraud" (*Devlin v 645 First Ave. Manhattan Co.*, 229 AD2d 343, 344). Moreover, CPLR 3016 (b) requires a cause of action sounding in fraud to state in detail, "the circumstances constituting the wrong".

Here, a cursory review of the complaint confirms that plaintiff has failed to allege its fraud claim with any of the specificity required under CPLR 3016. Indeed, plaintiff failed to allege any reliance on its part in the complaint and has offered no evidence indicating that there was, in fact, such reliance. Moreover, the conclusory allegation of "intentional misrepresentations" stemming from the manner in which defendants purportedly breached the Agreement likewise fails to support the fraud claim (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319) and does nothing more than "rais[e] a question for the fact finder determining the breach of contract claim" (*supra*, at 319). Under the circumstances, we find that plaintiff's cause of action for fraud must be dismissed.

As to plaintiff's cause of action seeking a declaration that defendants' right to exercise their option to terminate the licensing agreement was limited to the lease year ending January 31, 1992, we find that the trial court erred insofar as it found triable issues regarding a purported ambiguity in that paragraph. "It is well settled that, on a motion for summary judgment, the construction of an unambiguous contract is a question of law for the court to pass on, and that circumstances extrinsic to the agreement or varying interpretations of the contract provisions will not be considered, where, as here, the intention of the parties can be gathered from the instrument itself" (*Lake Constr. & Dev. Corp. v City of New York*, 211 AD2d 514, 515). Here, there is simply no ambiguity regarding the language of Paragraph 45, which states that the option to terminate would commence on February 1, 1991 and nowhere indicates that it would be limited to the year commencing on that date. Indeed, these undoubtedly experienced businessmen, who were represented by counsel, were obviously able to place clearly stated time limitations within this agreement and did so in a number of provisions. A fair reading of the Agreement and in particular, Paragraph 45, leads to the conclusion that there was no intention by the parties to place such a limitation with respect to the cancellation option here. Therefore, the court should not have looked to extrinsic evidence regarding the intent of the parties to resolve the issue of whether the cancellation option was only available for the one year which commenced on February 1, 1991 and ended on January 31, 1992.

Finally, defendants' contention that summary judgment should have been granted regarding their compliance with Paragraph 46 of the Agreement, which required them to operate the store in an efficient and reputable manner, is mistak-

enly premised on the assumption that defendants' supporting affidavits were uncontradicted by plaintiff. To the contrary, since plaintiff clearly presented evidence regarding alleged flaws in the defendants' method of operating the store, there were triable issues of fact as to whether defendants were in breach of their obligations and the court properly declined to grant summary judgment dismissing plaintiff's cause of action for breach of contract. We reject defendants' additional argument that Paragraph 46 was intended only to apply to the landlord's right to additional rent, which is laid out in Paragraph 43. No such limitation is set forth in the Agreement and an equally logical reason for the inclusion of Paragraph 46 was to protect plaintiff against the defendants' understaffing, or otherwise mismanaging the store, in order to trigger the right to terminate. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.