■ ROBERT V. PETTY, Appellant, v MEADOWBROOK DISTRIBUTING CORPORATION et al., Respondents. FRANK J. PATTERSON et al., Third-Party Plaintiffs-Respondents, v SOUTHLAND CORPORATION, Third-Party Defendant-Respondent. [698 NYS2d 659] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 12, 1998, which denied plaintiff's counsel's motion for extension of time to effect substitution for the deceased plaintiff and dismissed the action, unanimously reversed, on the law, without costs, the motion granted and the action reinstated.

The injured plaintiff died during the pendency of this action, from unrelated causes. Counsel first sought to have a next-of-kin substituted, but the decedent's son, an Army officer in Georgia, expressed little interest. Counsel then turned to the Public Administrator of Suffolk County, but that move also entailed procedural delay. The court and defense counsel were kept apprised of these steps. Fifteen months after plaintiff died, there was a defense motion to dismiss for failure to effect a timely substitution. A court-ordered delay ensued, followed by an extension that indicated no further extensions would be granted. Plaintiff's counsel was only notified of the Public Administrator's appointment 16 days after expiration of the court's latest extension. Absent a stipulation among the parties, the court refused to grant any further extensions, and instead granted the defense motion to dismiss.

If a party dies and the claim is not thereby extinguished, the court is required to order substitution of parties (CPLR 1015). In the event a timely substitution is not made, the court may not order dismissal for such failure without first ordering the persons interested in the decedent's estate to show cause why the action should not be dismissed (CPLR 1021).

There never was any order to show such cause in this instance. Nor was there any showing of willful or contumacious delay on the part of plaintiff's counsel. Furthermore, the defense never demonstrated prejudice by reason of the procedural delay caused by the Public Administrator. Indeed,

the court even recognized the absence of prejudice in its penultimate order, five months prior to the dismissal. Under these circumstances, dismissal was an improvident exercise of judicial discretion. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.