(February 25, 2003)

■ Neil D. Levin et al., Appellants, v Pricewaterhouse-Coopers, LLP, Respondent, et al., Defendants. [754 NYS2d 541] —Order, Supreme Court, New York County (Helen Freedman, J.), entered December 3, 2001, to the extent it granted the motion of defendant-respondent PricewaterhouseCoopers, LLP, to dismiss the causes of action against it for accounting malpractice, breach of contract, breach of fiduciary duty, and aiding and abetting the individual defendants' breach of fiduciary duty, unanimously affirmed; appeal from so much of said order which dismissed the cause of action for fraud unanimously dismissed as academic, in light of the subsequent order of October 7, 2002, granting plaintiff leave to replead that cause of action, all without costs.

We affirm, on timeliness grounds, the dismissal of the causes

of action for accounting malpractice, breach of contract, breach of fiduciary duty, aiding and abetting the individual defendants' breach of fiduciary duty, and other negligence-based claims against PricewaterhouseCoopers. CPLR 214 (6) imposes a three-year limitations period on (nonmedical) professional malpractice claims, "regardless of whether the underlying theory is based in contract or tort." That period began to run, at the latest, on the date respondent delivered its last report to the companies (see *Ackerman v Price Waterhouse*, 84 NY2d 535), and not, as plaintiff argues, several months later when respondent resigned the representation. The continuous representation doctrine does not apply here to alter the accrual date of these causes of action.

The motion court's subsequent ruling of October 7, 2002, granting plaintiff leave to replead its fraud claim, renders moot that aspect of the appeal which challenged the dismissal of plaintiff's earlier fraud cause of action. We reject the suggestion of PricewaterhouseCoopers that this Court must still rule on the issue of whether the fraud claim was duplicative of the malpractice claim; that fraud claim has been superseded, and the propriety of the new claim may only be reviewed by this Court upon appeal from a ruling on that new pleading. Concur—Saxe, J.P., Sullivan, Ellerin and Williams, JJ.