■ KERUSA Co. LLC, Appellant, v W10Z/515 REAL ESTATE LIMITED PARTNERSHIP et al., Respondents. [858 NYS2d 109]—

Orders, Supreme Court, New York County (Jane S. Solomon, J.), entered January 11, 2007, which, in this action alleging breach of contract and negligence in the construction, marketing and sale of luxury condominium units, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff has standing to seek relief for damage and defects to its own units only and not for injury to the common elements of the subject building (*see Caprer v Nussbaum,* 36 AD3d 176, 183-186 [2006]; *Devlin v 645 First Ave. Manhattan Co.,* 229 AD2d 343, 343 [1996]; *Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc.,* 190 AD2d 636, 637 [1993]; *see also* Real Property Law § 339-dd). Notwithstanding its complaints of mold in its penthouse apartment, the only evidence thereof was plaintiff's expert's statement that mold was found there by his company in sample testing performed on a single day in late December 2002. The expert did not adopt the opinion of the company's draft report that these test results indicated a potential health hazard for individuals with compromised immune systems or sensitivity to mold. Moreover, the unrebutted evidence indicated that all environmental inspections and tests performed in the penthouse unit after December 30, 2002 found acceptable levels of mold.

In any event, plaintiff fails, as a matter of law, to demonstrate any injury for which it is entitled to hold defendant sponsors liable. Although the purchase agreement obligated defendant sponsors to provide plaintiff with a building and unit constructed "in a good and workman-like manner," the purchase agreement, through its incorporation of the terms of the offering plan, limited plaintiff's remedy for any breach of this obligation to the right to require the sponsors to "repair or replace any defective item of construction." The latter provision necessarily excludes from recoverable damages any diminution in the value of the unit that may result from defective construction. Plaintiff does not allege that it has incurred any expense to repair or replace any defects in the construction of its unit, and, having now sold the unit, it has no further interest in the repair or replacement of any such defects.

Nor does the record evidence any viable cause of action by plaintiff against any of the defendants other than the sponsors. Since plaintiff had no contractual or other relationship with the general contractor, architect, mechanical engineer or structural engineer on the project and is, at best, only an incidental, rather than an intended, beneficiary of the contracts that defendants J.A. Jones Construction Group, Frank Williams & Associates, Jaros, Baum & Bolles, and the Cantor Seinuk Group entered into with the sponsors, plaintiff may not recover for negligence or breach of contract from these defendants either (*see Zeckendorf Towers,* 190 AD2d at 637). Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.