■ SOUTHERN WINE & SPIRITS OF AMERICA, INC., et al., Respondents-Appellants, v IMPACT ENVIRONMENTAL ENGINEER-ING, PLLC, et al., Appellants-Respondents. [962 NYS2d 118]—

Order, Supreme Court, New York County (Barbara R. Kap-nick, J.), entered April 13, 2012, which denied that branch of defendants' motion for summary judgment that sought dis-missal of plaintiffs' claims for negligence and gross negligence, granted that branch of the motion that sought dismissal of Southern Wine & Spirits of New York, Inc. (Southern New York) and Syosset Property Partners, LLC, as plaintiffs in this action, and granted that branch of the motion that sought dismissal of the complaint as against defendants, except Impact Environmen-tal Consulting, Inc. (Impact), unanimously affirmed, with costs.

In a prior appeal in this action, we held that plaintiffs could not utilize the relation-back provisions in CPLR 203 (f) to cure their defective initial complaint, based on their failure to comply with the subject agreements' condition precedent to commenc-ing an action against Impact, since the doctrine is dependent upon the existence of a valid preexisting action (*see Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 80 AD3d 505 [1st Dept 2011]). However, on this appeal, we find that the savings clause of CPLR 205 (a) does not bar plaintiffs' action, since the statute was "created to serve in those cases in which the prior action was defective and so had to be dismissed" (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 248-249 [1980]). The dismissal of the prior action for plaintiffs' failure to comply with a condition precedent was not a judgment on the merits (*see Sabbatini v Galati*, 43 AD3d 1136, 1139 [2d Dept 2007]), and plaintiff commenced a new action within the six-month pe-riod required by CPLR 205 (a).

The negligence claim is timely, since plaintiffs filed the origi-nal complaint on December 11, 2008, less than three years after Impact's submission of the last environmental site assessment (ESA) report to plaintiff Southern Wine & Spirits of America, Inc. (Southern Wine). Indeed, the three-year statute of limita-

tions on the professional negligence/malpractice claim did not begin to run until Impact delivered its last report to Southern Wine (*see* CPLR 214 [6]; *Levin v PricewaterhouseCoopers*, 302 AD2d 287, 288 [1st Dept 2003]).

Public policy "forbids a party's attempt to escape liability, through a contractual clause, for damages occasioned by grossly negligent conduct" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993] [internal quotation marks omitted]). The court properly declined to enforce Impact's contractual limitation on liability, since an issue of fact exists as to whether Impact's conduct was "grossly negligent," given plaintiffs' expert affidavit stating that Impact failed to disclose to Southern Wine the presence of 38 dry wells, containing potential contaminants, on plaintiffs' property, despite the availability of this information in the public records.

The court properly found that Impact had a professional duty independent of the parties' agreements. Although Impact, an environmental consultant, was not subject to licensing requirements, public policy requires that it should be held to a "professional" standard of care, given the nature of its services (*see Green Hills [USA], L.L.C. v Aaron Streit, Inc.*, 361 F Supp 2d 81, 89-91 [ED NY 2005]). Indeed, "[p]rofessionals . . . may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]).

The court properly dismissed Southern New York and Syosset Property as plaintiffs in this action. Absent privity of contract, or the functional equivalent of privity of contract, these entities have no right to recover from defendants either for breach of contract or professional negligence (*see Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc.*, 190 AD2d 636, 637 [1st Dept 1993]). There is no indication in the record that Southern New York and Syosset Property were intended beneficiaries of Southern Wine's agreements with Impact. Indeed, there is no evidence that Impact was aware that the substance of the ESA Reports it furnished to Southern Wine would be transmitted to and relied upon by any other entity, including Southern New York and Syosset Property (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551, 553 [1985]). Nor is there any evidence of direct contact or any communication between Impact and the two entities that would constitute conduct linking Impact to either of the entities to support their reliance on the ESA Reports (*id.* at 553-554; *cf. Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 425 [1989]). Further, the parties' agreements

contained a clause in which Impact disclaimed any intention to benefit third parties, and there is no evidence of any provisions in the parties' agreements granting enforceable rights to any entity other than Impact (*cf. Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp*, 82 AD3d 421 [1st Dept 2011]).

Given that Southern Wine was not in privity with any of the other defendants, except Impact, the court properly dismissed plaintiffs' complaint as against the other defendants (*see Leonard v Gateway II, LLC*, 68 AD3d 408, 408-409 [1st Dept 2009]). Concur—Tom, J.P., Acosta, Saxe, Freedman and Feinman, JJ.