■ JULIA VELEZ et al., Appellants, v NEW YORK PRESBYTERIAN HOSPITAL et al., Respondents, et al., Defendants. [42 NYS3d 815]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered August 4, 2014, which denied plaintiff Cortorreal's motion to substitute himself, as administrator of the estate of Julia Velez, as plaintiff in the decedent's place, and granted defendants New York Presbyterian Hospital's and Ralph Lauren Center for Cancer Care and Prevention's cross motions to dismiss the action as against them, unanimously reversed, on the law and the facts, without costs, the substitution motion granted, the motions to dismiss denied, and the complaint reinstated as against defendants-respondents. Appeals from orders, same court and Justice, entered February 27, 2015 and

October 7, 2015, unanimously dismissed, without costs, as academic.

Julia Velez died after the commencement of this medical malpractice action by herself and her husband, plaintiff Cortorreal. Cortorreal applied for letters of administration in December 2012, but his original attorneys failed to file a notice of application for letters of administration until January 2014; letters of administration were issued that month, about 21 months after the decedent's death. Cortorreal then moved pursuant to CPLR 1015 to be substituted for Velez as plaintiff, and defendants cross-moved to dismiss the complaint, pursuant to CPLR 1021, for failure to timely substitute.

The court lacked jurisdiction to grant defendants' motions to dismiss the action, since, "before proceeding further," and "[upon] such notice as it may in its discretion direct," the court was required to "order the persons interested in the decedent's estate to show cause why the action . . . should not be dismissed" (CPLR 1021; see Noriega v Presbyterian Hosp. in City of N.Y., 305 AD2d 220 [1st Dept 2003]; Petty v Meadowbrook Distrib. Corp., 266 AD2d 88 [1st Dept 1999]; but see Rose v Frankel, 83 AD3d 607 [1st Dept 2011] [stating in dicta that plaintiffs' motion for substitution conferred jurisdiction over defendants' cross motions to dismiss]). The persons interested in Velez's estate who were entitled to notice included Velez's two adult children.

In any event, in the absence of any prejudice to defendants, and in light of the strong public policy of deciding cases on the merits, the motion to substitute, made less than two years after Velez's death, should have been granted (see Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d 329 [1st Dept 2008]; compare Leroy v Morningside House Nursing Home Co., Inc., 126 AD3d 652 [1st Dept 2015]). Defendants failed to show that the delay in seeking substitution resulted in undue prejudice, since this medical malpractice action "will likely rely on medical records and other documentary evidence and not the testimony of eyewitnesses" (Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d at 329; Public Adm'r v Levine, 142 AD3d 467, 469-470 [1st Dept 2016]). In opposition to defendants' motions to dismiss, plaintiff made a showing of a reasonable excuse and of the merits of the action through an affidavit by a medical expert, which is sufficient in the procedural posture of the case (see Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378 [1st Dept 2004]). Concur—Renwick, J.P., Andrias, Saxe and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 32035(U).]**