Mercer v Hebrew Home for the Aged at Riverdale (2020 NY Slip Op 01449)





Mercer v Hebrew Home for the Aged at Riverdale


2020 NY Slip Op 01449


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11188 300932/14

[*1] Andrea Mercer, as Guardian for Personal Needs and Property Management of Clarice Brown, an Incapacitated Person, Plaintiff-Appellant,
v
The Hebrew Home for the Aged at Riverdale, Defendant-Respondent.


Mark E. Weinberger, P.C., Rockville Centre (Eric M. Parchment of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about February 19, 2019, which denied plaintiff's motion to substitute herself as administrator of the estate of Clarice Brown, deceased, and granted defendant's cross motion to dismiss the complaint for failure to seek substitution within a reasonable time, unanimously reversed, on the law and facts, without costs, plaintiff's motion granted and defendant's motion denied.
Plaintiff commenced this action as guardian on behalf of Clarice Brown, and then, after Brown died, sought leave to substitute herself as plaintiff in her capacity as administrator of Brown's estate. The motion court providently determined that plaintiff demonstrated a reasonable excuse for the delay in seeking substitution. Defendant has not shown that it was unduly prejudiced by plaintiff's delay or that she had any intention to abandon the action (Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378 [1st Dept 2004]; Velez v New York-Presbyterian Hosp., 145 AD3d 632, 632 [1st Dept 2016]; cf. Palmer v Selpan Elec. Co., 5 AD3d 248 [1st Dept 2004]; Washington v Min Chung Hwan, 20 AD3d 303, 305 [1st Dept 2005]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK