7-11 E. 13th St. Tenants Corp. v New Sch. (2023 NY Slip Op 05533)

7-11 E. 13th St. Tenants Corp. v New Sch.

2023 NY Slip Op 05533

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 151743/13 Appeal No. 955 Case No. 2022-03240 

[*1]7-11 East 13th Street Tenants Corp., et al., Plaintiffs-Respondents,
v
The New School et al., Defendants-Appellants, DeSimone Consulting Engineers et al., Defendants.

Ropers Majeski PC, New York (Douglas H. Miller of counsel), for appellants.
Schoeman, Updike & Kaufman LLP, New York (Beth L. Kaufman of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered June 24, 2022, which, insofar as appealed from, denied the motion of defendants The New School, Durst Organization, Inc., Tishman Construction Corporation of New York, and Urban Foundation/Engineering LLC for summary judgment dismissing plaintiffs' claims under New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 3309.4, for summary judgment dismissing the claims asserted by plaintiff 7-11 East 13th Street Condominium (the condominium), and for dismissal under CPLR 1021 of the claims asserted by deceased plaintiff Barbara Thompson; and granted plaintiffs' cross-motion to the extent of permitting the Estate of Barbara Thompson to be substituted as plaintiff for Barbara Thompson and The Board of Managers of the 7-11 East 13th Street Condominium to be substituted as plaintiff for the condominium, amending the caption to reflect the substitutions, and striking so much of defendants' motion as sought dismissal of the condominium's claims based on lack of capacity to sue, unanimously modified, on the law, to the extent of vacating so much of the order that denied defendants' motion seeking dismissal of the condominium's claims and granted the related cross-motion substituting The Board of Managers of the 7-11 East 13th Street Condominium as a plaintiff in place of the condominium, amending the caption accordingly, and remanding the matter to Supreme Court for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Supreme Court correctly denied dismissal of the claims alleging a violation of Administrative Code § 3309.4, which imposes on owners and contractors an absolute obligation to preserve and protect "any adjoining" structures from injuries due to foundation-related excavation activities. We reject defendants' argument that because it uses the term "adjoining," the statute applies only to property that touches or shares a physical boundary with the excavated property and not to property, like plaintiffs', that is near a common boundary but does not physically touch or share the boundary. As the legislative history of the relevant predecessor statutes makes clear, the intent was to protect both adjoining and nearby properties. Defendants fail to show that the changes in statutory language, before or in connection with the adoption of § 3309.4 in 2008, reflect an intent to narrow the statutory protection (see Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 489 [2012]; Gordon v Automobile Club of Am., 180 AD 927, 927 [1st Dept 1917]; Victor A. Harder Realty & Constr. Co. v City of New York, 64 NYS2d 310, 318-319 [Sup Ct, NY County 1946]).
Supreme Court erred in finding that defendants waived their argument that unit owners lack standing under Real Property Law § 339-dd to assert a claim for damages to "common elements" of the building. In fact, defendants' did not waive this argument, as their answers assert lack of [*2]standing as an affirmative defense (see Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc., 190 AD2d 636, 637 [1st Dept 1993]). Because it found the argument waived, Supreme Court did not address defendants' substantive arguments for dismissal of these claims on basis of that argument, nor did it address the related evidentiary challenges to the evidence that the condominium had proffered in support of the claims. Supreme Court must consider these issues on remand. For that reason, pending the court's further rulings, we vacate so much of the order that substituted The Board of Managers of The 7-11 East 13th Street Condominium as a plaintiff in place of the condominium and amended the caption to reflect the substitution.
Under the circumstances presented here, the court providently exercised its discretion in granting the substitution of the Estate of Barbara Thompson as a plaintiff in place of deceased plaintiff Barbara Thompson (see Velez v New York Presbyt. Hosp., 145 AD3d 632, 633 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023