**Clarke v Alabama Mar. Asset Holdings, LLC**

2024 NY Slip Op 30914(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 653874/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

THOMAS M CLARKE, ANA M CLARKE

Plaintiffs,

- v -

ALABAMA MARITIME ASSET HOLDINGS, LLC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653874/2021 |
| **MOTION DATE** | 12/26/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion for            SUMMARY JUDGMENT          .

Defendant Alabama Maritime Asset Holdings, LLC's ("Defendant") unopposed motion for summary judgment is **granted** to the extent that Plaintiffs Thomas M. Clarke's and Ana M. Clarke's ("the Clarkes" or "Plaintiffs") Complaint is **dismissed**. Defendant's motion for summary judgment is **denied** with respect to Defendant's Counterclaim, which is **dismissed.**

## A. Background

In 2018, non-party BAE Systems Southeast Shipyards AMCH Inc. ("BAE"), as seller, entered into a purchase and sale transaction with Defendant Alabama Maritime Asset Holdings, LLC's ("Alabama Maritime" or "Defendant") predecessor, Epic Maritime Asset Holdings, LLC ("Epic"), as buyer, to sell a shipyard ("Alabama Shipyard"). Defendant provided BAE with a promissory note in the amount of $10,000,000 ("Note" [NYSCEF 3]) as part of the Alabama Shipyard transaction. The Note is subordinated to certain senior loans under the terms of a Subordination Agreement (NYSCEF 5).

653874/2021 CLARKE, THOMAS M vs. ALABAMA MARITIME ASSET
Motion No. 001

Page 1 of 4

[* 1]

Plaintiffs executed a Personal Guarantee ("Guaranty" [NYSCEF 4]) of the principal and interest under the Note (the "Guaranteed Obligations"). The Guaranty is "an absolute, unconditional and continuing guaranty of payment of the Guaranteed Obligations. . ." The Guaranty includes the following condition precedent to claims by Plaintiffs against Defendant:

> Until all of the Guaranteed Obligations shall have been paid in full, the Guarantor hereby agrees not to assert the rights that the Guarantor may now have or hereafter acquire, whether by subrogation, contribution, reimbursement, recourse, exoneration, contract or otherwise, to recover from the Maker [Defendant] or from any property of the Maker [Defendant] any sums paid under this Guaranty.

Defendant defaulted on the Note resulting in multiple lawsuits. First, in 2020, BAE commenced an action against Epic on the Note. On February 10, 2021, the Court granted summary judgment in favor of Epic because BAE is prohibited from enforcing the Note until the senior loans are satisfied under the terms of the Subrogation Agreement (*BAE Sys. Southeast Shipyards AMHC Inc. v Epic Mar. Asset Holdings, LLC*, 2021 N.Y. Slip Op. 30416[U], 1 [N.Y. Sup Ct, New York County 2021]).

Second, also in 2020, BAE commenced an action against the Clarkes to enforce the Guaranty (*BAE Systems Southeast Shipyards AMHC Inc. v. Thomas M. Clarke and Ana M. Clarke,* [Index No. 651486/2020]). On January 22, 2201, the Court granted summary judgment in favor of BAE on its Guaranty claim (NYSCEF 7 [Tr. 16-26]; NYSCEF 6 [March 26, 2021, Judgment]).

Third, on June 17, 2021, Plaintiffs filed their Verified Complaint (NYSCEF 2) in this action against Defendant asserting claims for Common Law Exoneration and *Quia Timet* (a common law injunction against future harm). Generally, Plaintiffs seek a judgment requiring Defendant to satisfy the Note and any debts that become due on the Note. On July 23, 2021, Defendant filed a Verified Answer with Counterclaim for breach of the Guaranty (NYSCEF 11).

653874/2021   CLARKE, THOMAS M vs. ALABAMA MARITIME ASSET
Motion No.  001

Page 2 of 4

Plaintiffs have not replied to the Counterclaim or otherwise made any filings since the Complaint.

### B. Discussion

In support of a motion for summary judgment under CPLR 3212, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v. Prospect Hospital*, 68 N.Y.2d 320 [1986]). If the movant successfully demonstrates its prima facie entitlement to summary judgment as a matter of law, the burden of proof shifts to the party opposing the motion (*Winegrad v. New York University Medical Center*, 64 N.Y.2d 851, 853 [1985]).

The Note and Guaranty were annexed to the Verified Complaint. The Guaranty includes a clear and unambiguous condition precedent requiring that Plaintiffs pay the Guaranteed Obligations before asserting claims, including claims for exoneration, against Defendant (*Greenfield v Philles Records, Inc.*, 98 NY2d 562, 569 [2002]). The Complaint alleges that there is an "unpaid principal balance. . .plus accrued and unpaid interest" on the Note establishing that Plaintiffs have not complied with the condition precedent. Plaintiffs have not filed opposition to Defendant's motion to rebut the *prima facie* case for dismissal. Accordingly, summary judgment dismissing the Complaint for failure to comply with the express condition precedent is warranted (*Oppenheimer & Co., Inc. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]; *ALJ Capital I, L.P. v David J. Joseph Co.*, 48 AD3d 208 [1st Dept 2008]).

Summary judgment is denied with respect to Defendant's Counterclaim for breach of the Guaranty, which is dismissed. Defendant seeks damages including the "costs, disbursements and legal fees incurred in defending this action." However, Defendant is a not a party to the Guaranty. Even if Defendant was a party to the Guaranty, there is no contractual provision or

**653874/2021   CLARKE, THOMAS M vs. ALABAMA MARITIME ASSET**
**Motion No.  001**

**Page 3 of 4**

statute that permits for the recovery of attorney's fees (*City of New York v Zuckerman*, 234 AD2d 160, 161 [1st Dept 1996]). Upon searching the record, the Court dismisses Defendant's Counterclaim (CPLR 3212[b]).

*         *         *         *

Accordingly, it is

**ORDERED** that Defendant's motion for summary judgment is **GRANTED** to the extent that the Complaint is **DISMISSED with prejudice**; it is further

**ORDERED** that Defendant's motion for summary judgment on its Counterclaim is **DENIED** and, upon searching the record, the Court **GRANTS** summary judgment in favor of Plaintiffs and the Counterclaim is **DISMISSED with prejudice**; it is further

**ORDERED** that the Clerk enter judgment dismissing the Complaint and the Counterclaim with prejudice, without costs to either party.

This constitutes the decision and order of the Court.

20240319101242MC0HENFF5J08C9C50246RD8CF4B376E3979573

| 3/19/2024 | | JOEL M. COHEN, J.S.C. |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653874/2021   CLARKE, THOMAS M vs. ALABAMA MARITIME ASSET
Motion No. 001

Page 4 of 4

4 of 4