Doctors Allergy Formula, LLC v Valeant Pharms. Intl. (2024 NY Slip Op 06122)

Doctors Allergy Formula, LLC v Valeant Pharms. Intl.

2024 NY Slip Op 06122

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 651597/18 Appeal No. 3171 Case No. 2023-03181 

[*1]Doctors Allergy Formula, LLC, Plaintiff-Respondent,
v
Valeant Pharmaceuticals International, Defendant-Appellant.

Kirkland & Ellis LLP, New York (Jay P. Lefkowitz of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Thomas J. Amburgy of counsel), and Theodora Oringher PC, Los Angeles, CA (Allan L. Schare of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about May 16, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment on its counterclaims and dismissed the second and third causes of action of the complaint, unanimously modified, on the law, to grant the motion to dismiss the third cause of action (breach of the implied covenant of good faith and fair dealing), and otherwise affirmed, without costs.
Contrary to defendant purchaser's contention, section 3.2(b) of the parties' asset purchase agreement, which concerns a second milestone payment, is ambiguous, as both plaintiff seller's and defendant's interpretations of that section are reasonable (see generally Donohue v Cuomo, 38 NY3d 1, 13 [2022]). Thus, the court properly considered extrinsic evidence in denying defendant's motion for summary judgment on its breach of the covenant of good faith and fair dealing counterclaim (id.). The deposition testimony of plaintiff's founder, Dr. Howard Loff, which must be viewed in a favorable light on defendant's summary judgment motion (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), shows that the parties understood the phrase "for which Purchaser or its Affiliates receive compensation" to allow plaintiff to facilitate sales. Indeed, according to Loff, Andrew Davis, defendant's Vice President of Business Development, said, "as long as we [defendant] receive the revenue, we're okay with that." Thus, defendant failed to demonstrate, as a matter of law, that plaintiff's actions destroyed or injured its right to receive "the fruits of the contract" (Singh v City of New York, 40 NY3d 138, 145-146 [2023] [internal quotation marks omitted]).
Defendant contends that the court should have dismissed plaintiff's contract claim because plaintiff failed to "establish the objective standard by which [defendant's] efforts are to be judged" (Holland Loader Co., LLC v FLSmidth A/S, 313 F Supp 3d 447, 472 [SD NY 2018], affd 769 Fed Appx 40 [2d Cir 2019]). However, because defendant moved for summary judgment, it was defendant's burden to show the absence of triable issues of fact as to whether it used commercially reasonable efforts to market, promote, and sell the subject products (see generally Vega, 18 NY3d at 503; see also Bear, Stearns Funding, Inc. v Interface Group-Nevada, Inc., 2007 US Dist LEXIS 49643, *68, 2007 WL 1988150, *20 [SD NY, July 10, 2007, No. 03 Civ 8259(CSH)]). Defendant failed to meet this burden. As the motion court noted, there is conflicting evidence as to whether defendant's efforts were commercially reasonable.
However, the court should have dismissed plaintiff's claim for breach of the covenant of good faith and fair dealing as duplicative of its contract claim (see e.g. Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 92 [1st Dept 2022]).
The court properly denied defendant's motion for summary judgment on the tortious interference [*2]with contract claim. One of the elements of a tortious interference claim is damages (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). While damages for tortious interference with contract can include consequential damages (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 197 n 6 [1980]), the attorneys' fees defendant seeks in defending this action against plaintiff do not fall within "[t]he exception allowing for attorneys' fees expended in litigating against a third party" as a result of the tortious interference (City of New York v Zuckerman, 234 AD2d 160, 161 [1st Dept 1996], lv dismissed 90 NY2d 845 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024