**Viruet v Mount Sinai Med. Ctr., Inc.**

2025 NY Slip Op 30095(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 104158/2009

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                          PART                      56M

                                            *Justice*

---------------------------------------------------------------------------------X

BLANCA VIRUET,                                          INDEX NO.            104158/2009

                                Plaintiff,              MOTION DATE          10/24/2024

                        - v -                           MOTION SEQ. NO.      006

THE MOUNT SINAI MEDICAL CENTER, INC., THE
MOUNT SINAI HOSPITAL, RON PALMON, M.D., BLAIR          **DECISION + ORDER ON
LEWIS, M.D., DANIEL LABOW, M.D., and "JOHN DOE" 1-3           MOTION**
(the fictitious names of persons yet to be identified),

                                Defendants.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 24, 25, 26, 27, 28,
29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                              DISMISS                          .

In this action to recover damages for medical malpractice, the defendants The Mount

Sinai Medical Center, The Mount Sinai Hospital, and Ron Palmon, M.D., together move

pursuant to CPLR 1021 to dissolve the stay imposed by operation of law upon the plaintiff's

death on February 10, 2022, and thereupon to dismiss the complaint insofar as asserted against

them on the ground that no timely motion has been made to substitute a representative of the

deceased plaintiff's estate in place and instead of the plaintiff in this action. Monica Diaz,

Tahisha Lozada, and Johanna Lozada, who are persons interested in the decedent's estate and

claims, and were served with the order to show cause and supporting papers initiating this

motion, submit no opposition to the motion. Nor does plaintiff's former attorney, who also was

served with those documents, submit any opposition. The motion is granted, the stay is vacated

and dissolved, and the complaint is dismissed insofar as asserted against The Mount Sinai

Medical Center, The Mount Sinai Hospital, and Ron Palmon, M.D., is dismissed.

CPLR 1021 provides, in relevant part, that,

**104158/2009  VIRUET, BLANCA vs. MOUNT SINAI MEDICAL CENTER**                    **Page 1 of 5**
**Motion No.  006**

1 of 5

"[a] motion for substitution may be made by the successors or representatives of a party or by any party. If a person who should be substituted does not appear voluntarily he may be made a party defendant. If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate."

The issue of what constitutes a reasonable time depends on the circumstances of the case (*see Randall v Two Bridges Assoc. Ltd. Partnership,* 139 AD3d 435 [1st Dept 2016]), including the diligence of the party who will ultimately seek substitution, the prejudice to the other parties, and whether the party who eventually will be substituted has shown that the action has potential merit (*see Green v Maimonides Med. Ctr*., 172 AD3d 824, 826 [2d Dept 2019]). The court "may not order dismissal for such failure without first ordering the persons interested in the decedent's estate to show cause why the action should not be dismissed" (*Petty v Meadowbrook Distributing Corp*., 266 AD2d 88, 88 [1st Dept 1999]; *see Velez v New York Presbyterian Hosp*., 145 AD3d 632, 633 [1st Dept 2016]). Here, those persons were indeed ordered to show cause why the complaint should not be dismissed, and none of them responded to the motion. Moreover, although the plaintiff's former counsel no longer has an obligation to represent any person who was or will be appointed as the representative of her estate (*see Homemakers, Inc. of Long Is. v Williams,* 131 AD2d 636, 638 [2d Dept 1987]; *Wisdom v Wisdom*, 111 AD2d 13, 14-15 [1st Dept 1985]; *Hemphill v Rock*, 87 AD2d 836, 836 [2d Dept 1982]), he nonetheless also was served with the motion papers, and did not respond thereto.

Where, as here, almost three years have elapsed since the plaintiff's death, and no attempt at substitution has been made or is anticipated, the court concludes that persons interested in the plaintiff's estate failed to seek substitution "within a reasonable time" after the plaintiff's death, and that the dismissal of the complaint against the movants thus is warranted (*see Giroux v Dunlop Tire Corp.*, 16 AD3d 1068, 1069 [4th Dept 2005]; *see also Sanders v New York City Hous. Auth*., 85 AD3d 1005, 1005 [2d Dept 2011]).

**104158/2009   VIRUET, BLANCA vs. MOUNT SINAI MEDICAL CENTER**
**Motion No.  006**

**Page 2 of 5**

The court notes that the complaint already has been dismissed insofar as asserted against the defendants Blair Lewis, M.D., and Daniel Labow, M.D., inasmuch as they both had been awarded summary judgment in orders respectively dated July 11, 2012 (Shulman, J.) (SEQ 001), and July 6, 2021 (Rakower, J.) (SEQ 004). With respect to the defendants denominated as "John Doe 1-3," the plaintiff made no showing while she was alive of any efforts that she made to identify these fictitious defendants. Since they were never identified, the plaintiff, or any representative substituted in her place and stead, would be precluded from relying on CPLR 1024 to maintain this action against those parties (*see generally Fountain v Ocean View II Assocs., L.P.*, 266 AD2d 339 [2d Dept 1999]), and the complaint must be dismissed as against them. Consequently, the complaint now has been dismissed insofar as asserted against all of the defendants, and the action must now be marked disposed.

Finally, it is well settled that "the death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015(a)" (*Griffin v Manning*, 36 AD3d 530, 532 [1st Dept 2007]; *see Perez v City of New York*, 95 AD3d 675, 677 [1st Dept 2012]; *Manto v Cerbone*, 71 AD3d 1099 [2d Dept 2010]; *Nieves v 331 E. 109th St. Corp.*, 112 AD2d 59, 60 [1st Dept 1985]). Any determination rendered or proceedings held without such a substitution generally is deemed a nullity (*see Griffin v Manning*, 36 AD3d at 532; *Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1322-1323 [2d Dept 2010]; *Morrison v Budget Rent A Car Syst., Inc.*, 230 AD2d 253 [2d Dept 1997]; *Nieves v 331 E. 109th St. Corp.*, 112 AD2d at 60). Rather, the action is automatically stayed upon the party's death (*see Perez v City of New York*, 95 AD3d at 677). Nor can the parties "by agreement confer subject matter jurisdiction upon [a] court where there is none" (*Cuomo v Long Island Lighting Co.*, 71 NY2d 349, 351 [1988]; *see Haverstraw Park, Inc. v Runcible Properties Corp.*, 33 NY2d 637 [1973]; *Stancu v Cheon Hyang Oh*, 74 AD3d at 1323) by stipulating to conducting further proceedings prior to the substitution of a personal representative for the deceased party. Indeed, any such stipulation is "legally inoperative" (*Morrison v Budget Rent A Car Syst., Inc.*, 230 AD2d at 261).

**104158/2009   VIRUET, BLANCA vs. MOUNT SINAI MEDICAL CENTER**          **Page 3 of 5**
**Motion No.  006**

3 of 5

[* 3]

Inasmuch as the plaintiff died on February 10, 2022, the order dated March 9, 2022 (Edwards, J.), which limited the plaintiff's claims against the defendant Palmon (SEQ 005), and the order dated November 3, 2023 (Silvera, J.), which dismissed the complaint insofar as asserted against the remaining named parties for the plaintiff's failure to appear at a November 1, 2023 conference, must both be vacated as nullities. The vacaturs, however, have been rendered academic, inasmuch as the court is, pursuant to this order, dismissing the complaint against Palmon and the remaining named defendants.

Accordingly, it is,

ORDERED that, on the court's own motion, the orders dated March 9, 2022 (Edwards, J.), and November 3, 2023 (Silvera, J.), are vacated as nullities; and it is further,

ORDERED that the motion of the defendants The Mount Sinai Medical Center, The Mount Sinai Hospital, and Ron Palmon, M.D., is granted, without opposition, the stay imposed by operation of law upon the plaintiff's death on February 10, 2022 is vacated and dissolved, and the complaint is thereupon dismissed insofar as asserted against the defendants The Mount Sinai Medical Center, The Mount Sinai Hospital, and Ron Palmon, M.D.; and it is further,

ORDERED that, on the court's own motion, the action is severed against the defendants The Mount Sinai Medical Center, The Mount Sinai Hospital, and Ron Palmon, M.D.; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint insofar as asserted against the defendants The Mount Sinai Medical Center, The Mount Sinai Hospital, and Ron Palmon, M.D.; and it is further,

ORDERED that, on the court's own motion, the complaint is dismissed insofar as asserted the defendants "John Does 1-3."

**104158/2009   VIRUET, BLANCA vs. MOUNT SINAI MEDICAL CENTER**                                 **Page 4 of 5**
  **Motion No.  006**

This constitutes the Decision and Order of the court.

_____
**1/13/2025**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**104158/2009   VIRUET, BLANCA vs. MOUNT SINAI MEDICAL CENTER** 
**Motion No.  006**

**Page 5 of 5**