■ RONAE GRIFFIN, Respondent, v MILTON MANNING, Defendant, and I. STEVEN KRUP, Appellant. [828 NYS2d 372]—

Judgment, Supreme Court, New York County (Carol Edmead, J.; Ira Gammerman, J., at jury trial), entered March 11, 2005, awarding plaintiff damages in the principal sum of $2,500,000, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded for a new trial.

Plaintiff commenced this action in May 1997 against Milton Manning, the managing agent for the building in question, and Joshua and Elizabeth Krup, the building's owners. The infant plaintiff asserts that she was born on September 18, 1990, resided in the building from November 18, 1990 to May 1, 1995, and was diagnosed with lead poisoning at the age of three. Plaintiff avers that the source of her condition was cracked and peeling lead-based paint, and lead-based paint dust in her apartment, and that defendants had notice of the lead-based hazards. Plaintiff claims that as a result of her condition, she suffered permanent brain damage.

Defendant Joshua Krup died on July 11, 1996 and Elizabeth

Krup was appointed administrator of his estate. The trial of this matter subsequently commenced on January 15, 2002 and on January 17, 2002, the third day of the trial, Elizabeth Krup's attorney, Daniel J. Flynn, Esq., informed the trial court that Ms. Krup had died. The court, in the absence of any "further evidence" of Ms. Krup's demise, proceeded with the trial, noting that "[i]f, in fact, after the verdict, she, in fact, died, I will vacate the verdict, and declare a mistrial." A death certificate was produced just prior to the jury's removal from the courtroom to begin deliberations, at which point Mr. Flynn objected, asserting that the "estate cannot be bound by anything that occurs here at this point." The court, however, elected to proceed in any event, stating that it wanted to investigate whether it could appoint a substitute nunc pro tunc.

Mr. Flynn, prior to the verdict, renewed his "motion to recognize the fact that Mrs. Krup had passed away [and] that no further proceedings should be entertained" to which the court responded that it would probably have to vacate the verdict in any event. The jury thereafter returned a verdict in favor of plaintiff in the amount of $2,500,000, after which, on March 28, 2002, I. Steven Krup, the only child of Joshua and Elizabeth Krup, entered into an agreement with plaintiff, in which he agreed to be substituted into the action as the estate representative, nunc pro tunc, provided plaintiff limits her recovery to the available insurance coverage. On April 30, 2002, Steven Krup was appointed administrator of the Krup estate by the Florida Circuit Court, Broward County.

Plaintiff, by order to show cause dated July 6, 2004, moved for entry of judgment in accordance with the agreement limiting her recovery. Assicuriazioni Generali, United States Branch (Generali), the affected insurance company, thereafter moved to stay the proceedings, and for leave to intervene for the purpose of opposing plaintiff's motion to enter judgment. Justice Edmead, to whom the matter had been transferred, specifically declined to enter judgment in conformity with the provisions of the agreement between plaintiff and Krup, but granted plaintiff's motion to the extent of directing the entry of judgment in accordance with the jury verdict, and further denied Generali's motion to intervene. Justice Edmead, in her memorandum decision, correctly opined that once Elizabeth Krup's death had been reported, the trial should not have proceeded until a representative was appointed, but declined to take any action because the issue had been decided by a judge of coordinate jurisdiction. We, however, are not so constrained and, accordingly, reverse.

It is well settled that the death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a) (*Singer v Riskin*, 32 AD3d 839, 840 [2006]; *Faraone v National Academy of Tel. Arts & Sciences*, 296 AD2d 349, 350 [2002]), and any order rendered after the death of a party and before the substitution of a legal representative is void (*Cueller v Betanes Food Corp.*, 24 AD3d 201 [2005]; *Bluestein v City of New York*, 280 AD2d 506 [2001]). Although it has been held that the jurisdictional issue may be waived under "special circumstances," such as where there has been active participation in the litigation by the personal representative who would have been substituted for the decedent (*see Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820-821 [1985]; *Nieves v 331 E. 109th St. Corp.*, 112 AD2d 59, 60-61 [1985]), here there was no participation by Steven Krup prior to verdict. Moreover, Elizabeth Krup's counsel, upon hearing of her death, immediately, vigorously and repeatedly objected to participating in the continuing trial. Accordingly, the verdict, rendered after Elizabeth Krup's death, and prior to the substitution of Steven Krup, is a nullity. Concur—Andrias, J.P., Marlow, Nardelli, Buckley and Catterson, JJ.