In the Matter of DAVID J. CIRAOLO, Appellant. WHITEY PRODUCE CO., INC., et al., Respondents. [829 NYS2d 611]—

In a proceeding, inter alia, pursuant to SCPA 2103 to discover property and information withheld from the estate of Caroline Ciraolo, David J. Ciraolo, as administrator of the estate of Caroline Ciraolo, appeals from an order of the Surrogate's Court, Kings County (Harkavy, A.S.), dated December 28, 2005, which denied his motion, in effect, pursuant to CPLR 4404 (b) to set aside a decision of the same court dated September 8, 2005, made after a nonjury trial, upon the granting of the motion of Whitey Produce Co., Inc., and Dorothea J. Ciraolo, as executrix of the estate of Charles J. Ciraolo, Sr., to dismiss the petition for failure to establish a prima facie case at the close of his evidence.

Ordered that the order is affirmed, with costs.

The appellant argues that the Surrogate's Court erroneously precluded the admission into evidence of the partial deposition testimony of Charles J. Ciraolo, Sr., who died prior to the completion of his deposition and before cross-examination. The appellant further contends that portions of the deposition testimony constituted "admissions" by Ciraolo, Sr. The appellant claims that had such deposition testimony been admitted, he would have been able to establish a prima facie case against the respondents.

Contrary to the appellant's contention, the Surrogate's Court properly precluded the admission into evidence of the subject deposition. The subject deposition had not been completed and the respondents were deprived of the right to cross-examine Ciraolo, Sr. (*see* CPLR 3113 [c]; *Stern v Inwood Town House*, 22 AD2d 650 [1964]; *see generally Loschiavo v DeBruyn*, 6 AD3d 1113, 1114 [2004]).

Moreover, the portions of the deposition testimony which the appellant sought to introduce into evidence did not qualify as "admissions," as such testimony was not "inconsistent with" the respondents' position that the decedent, Caroline Ciraolo, had no ownership interest in Whitey Produce Co., Inc., at the time of her death (*see* Prince, Richardson on Evidence § 8-201 [Farrell 11th ed]; Fisch, New York Evidence § 803, at 475 [2d ed]). Thus, under the circumstances of this case, the Surrogate's Court properly denied the appellant's motion, in effect, pursuant to CPLR 4404 (b) to set aside its decision. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.