■ JUAN GONZALEZ, as Administrator of the Estate of NANCY BARBOSA, Deceased, et al., Appellants, v 231 OCEAN ASSOCIATES et al., Respondents. [16 NYS3d 542]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 14, 2013, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for preclusion of a nonparty witness's deposition testimony, sanctions for failing to produce another witness, and severance of defendants' third-party action, unanimously modified, on the law, to deny defendants' motion for summary judgment as to plaintiffs' negligence cause of action, and to grant plaintiffs' cross motion to the extent of precluding the nonparty deposition of the assailant, and severing the third-party action, and otherwise affirmed, without costs.

In this action for negligent security, defendants are not entitled to judgment as a matter of law on plaintiffs' negligence cause of action. There are triable issues of fact as to whether defendants breached their duty to take minimal security precautions to protect plaintiff's decedent from the criminal acts of third-party intruders and as to whether any such fail-

ure was a proximate cause of the attack on her (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550-551 [1998]). Viewing the evidence in the light most favorable to plaintiffs, questions of fact exist as to whether the lock on the building's front door entrance, through which the assailant entered, was broken. In addition, the evidence of a history of prior crimes, including assaults, in and around the building raises an issue of fact as to whether defendants' alleged negligence was a proximate cause of the attack (see Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]).

It was not improper for the court to address the parties' motions, made before decedent's death, in the order on appeal. Although the court recalled and vacated its previous order (see CPLR 1015), there was no need to renew the motions that were previously made. However, the court abused its discretion in denying the portion of plaintiffs' cross motion seeking to preclude the deposition testimony of the assailant, who improperly terminated the deposition, thereby depriving plaintiffs a full and fair opportunity to conduct the cross examination of the witness, to which they were entitled (see Matter of Ciraolo [Whitey Produce Co., Inc.], 37 AD3d 461 [2d Dept 2007], lv dismissed 9 NY3d 943 [2007]).

The court properly dismissed plaintiffs' gross negligence and punitive damages claims. The alleged negligent conduct did not evince a "reckless disregard for the rights of others" or "smack[ ] of intentional wrongdoing" (Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993] [internal quotation marks omitted]). Nor do plaintiffs allege anything unusual or extraordinary about defendants' conduct to warrant punitive damages (see Munoz v Puretz, 301 AD2d 382, 384-385 [1st Dept 2003]).

In light of the above preclusion ruling, plaintiffs' cross motion seeking to dismiss or sever defendants' third-party action against the assailant should be granted, despite its timely filing. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.