WAYNE SCHNAPP, Appellant, et al., Plaintiff, v MILLER'S LAUNCH, INC., Respondent. [24 NYS3d 606]—

Appeal from order, Supreme Court, New York County (Lucy Billings, J.), entered January 6, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs.

Plaintiff Wayne Schnapp has advised this Court that his

---

wife, plaintiff Joanne Schnapp, died during the pendency of this action. That notification is contained in his appellate brief, without any indication of when her death occurred. As of this date, there has been no substitution of a personal representive.

"If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015 [a]). Furthermore, the death of a party divests the court of jurisdiction and stays the proceedings until proper substitution has been made (CPLR 1015 [a]; 1021; *see Noriega v Presbyterian Hosp. in City of N.Y.*, 305 AD2d 220, 221 [1st Dept 2003]).

Here, if the underlying motion for summary judgment was made before co-plaintiff's death, it was proper for the motion court to have entertained it (*Gonzalez v 231 Ocean Assoc.*, 131 AD3d 871, 872 [1st Dept 2015], citing CPLR 1015). However, there is no proof of when plaintiff's wife died. Once she died there was an automatic stay of all proceedings until a proper substitution was made (*see Noriega v Presbyterian Hosp. in City of N.Y.*). Any determination that was rendered after her death, but before substitution of a legal representative for her would, therefore, be void (*Griffin v Manning*, 36 AD3d 530 [1st Dept 2007]; *Singer v Riskin*, 32 AD3d 839 [2d Dept 2006]).

If plaintiff's wife's death occurred before the motion court decided the motion, the court's determination is void.* Whether she died before or after this appeal was filed, this court lacks jurisdiction to review the motion court's decision because to date there has been no proper substitution (*see Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819 [1st Dept 1985]; *Singer v Raskin*, 32 AD3d at 840). Since we do not address the merits of the underlying appeal, this dismissal is without prejudice. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.

---

* If that is the case, nothing in the record indicates that it was brought to the motion court's attention.