■ JAMES RANDALL, Plaintiff, v TWO BRIDGES ASSOCIATES LIMITED PARTNERSHIP et al., Respondents. TWO BRIDGES ASSOCIATES LIMITED PARTNERSHIP, Third-Party Plaintiff-Respondent, v TWO BRIDGES TOWNHOUSE CONDOMINIUM, Third-Party Defendant-Respondent. DAVID CHEVERIE, Nonparty Appellant. [30 NYS3d 624]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 8, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's counsel's motion to lift the stay of the action, restore the action to the trial calendar, and amend the caption, and granted defendants' separate cross motions to dismiss the complaint, unanimously reversed, on the law and the facts, without costs, plaintiff's counsel's motion granted and defendants' cross motions denied.

The argument that defendants' cross motions were procedurally defective was not preserved (*Rose v Frankel*, 83 AD3d 607, 607-608 [1st Dept 2011]). In any event, the motion court erred in granting the cross motions based on the failure to move to substitute Sonya Randall (decedent's wife and administrator of his estate) as plaintiff within a reasonable time after decedent's death in 2010 (*see* CPLR 1021). Although decedent's counsel did not comply with Supreme Court's (Wright, J.) order, entered March 9, 2011, which directed him to advise the court of his progress in getting an administrator appointed for the estate or make a motion to vacate the stay of the action and amend the caption by June 30, 2011, defendant Two Bridges Associates Limited Partnership never argued that it was prejudiced by the delay. Defendant City only claimed it was prejudiced due to the passage of time, which, standing alone, is an insufficient basis for finding prejudice (*see Morales v Solomon Mgt. Co., LLC*, 38 AD3d 381, 382 [1st Dept 2007]). Further, the attorney for decedent has shown that the action, involving decedent's trip and fall on a public walkway between 275 and 295 Cherry Street, has potential merit (*cf. Riedel v Kapoor*, 123 AD3d 996, 997 [2d Dept 2014] [dismissal was proper, where the plaintiff failed to submit an affidavit of merit and the defendants were prejudiced by the plaintiff's delay]). Two Bridges Associates stated in its answer that it owned the land and structures at 275 Cherry Street, and the City stated in its answer that it may have owned the walkway.

Accordingly, despite the inordinate delay, given the absence of prejudice and the potential merit of the action, the motion should be granted and defendants' cross motions should be denied. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.