Bonnaig v Walton (2019 NY Slip Op 09103)





Bonnaig v Walton


2019 NY Slip Op 09103


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


110429/11 10617 10616

[*1] Denise Kingue Bonnaig, Esq., doing business as Denise K. Bonnaig & Associates, Plaintiff-Appellant-Respondent,
v
Dr. Hilary C. Walton, Defendant, BrainPop U, A Division of Anina Management Ltd., et al., Defendants-Respondents-Appellants.
Denise Kingue Bonnaig, Esq., doing business as Denise K. Bonnaig & Associates, Plaintiff-Respondent,
v
Dr. Hilary C. Walton, Defendant, BrainPop U, A Division of Anina Management Ltd., et al., Defendants-Appellants.


Denise K. Bonnaig & Associates, New York (Mahima Joishy of counsel), for appellant-respondent/respondent.
Shiboleth LLP, New York (Daniel Goldstein of counsel), for respondents-appellants/appellants.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered November 27, 2018, which, to the extent appealed from, sua sponte severed the action against defendant Dr. Hilary C. Walton, unanimously reversed, on the law, without costs, and the order vacated. Appeal from order, same court and Justice, entered March 16, 2015, which denied plaintiff's motion to sever the action against Walton, denied plaintiff's request to search the record and grant summary judgment against the BrainPop defendants (BrainPop), and denied BrainPop's cross motion for summary judgment dismissing the complaint as against them, unanimously dismissed, without costs.
On December 25, 2015, after plaintiff and BrainPop had perfected their appeals from the March 2015 order, defendant Walton died. After having denied plaintiff's motion to sever the action against Walton in the March 2015 order, the motion court sua sponte severed the action against her in the November 2018 order.
The part of the November 2018 order that severed the action against Walton, who was then deceased, must be vacated as void as no legal representative has been appointed (Harding v Noble Taxi Corp., 155 AD2d 265 [1st Dept 1989]; see also Griffin v Manning, 36 AD3d 530 [1st Dept 2007]; Schnapp v Miller's Launch, Inc., 135 AD3d 655 [1st Dept 2016]).
Although the March 2015 order is not void, because Walton was still alive when it was issued, the appeals from the order must be dismissed, because no estate representative has been appointed (Schnapp, 135 AD3d at 656; Griffin, 36 AD3d at 532; CPLR 1015[a]). However, the dismissal is without prejudice (see Schnapp, 135 AD3d at 656).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK