Thomas v Rubin (2021 NY Slip Op 05112)





Thomas v Rubin


2021 NY Slip Op 05112


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 159367/19 Appeal No. 14213 Case No. 2021-01405 

[*1]Rachel Thomas, proceeding pseudonymously, Plaintiff-Respondent,
v
Howard Rubin, Defendant-Appellant, Ashley Duduk, Defendant.


Dechert LLP, New York (May K. Chiang of counsel), for appellant.
Balestriere Fariello, New York (Mandeep S. Minhas of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about March 18, 2021, which granted plaintiff's motion to proceed pseudonymously, unanimously dismissed, without costs.
Were we to reach the merits, we would agree with Supreme Court. However, the death of a party effects an automatic stay of all proceedings precluding our review at this time.
Defendant Ashley Duduk (Duduk) appeared in the action by answering the complaint in October 2019. Defendant Howard Rubin's brief states that Duduk died on or around July 2020. The record does not provide proof of Duduk's death, nor is there any evidence of a substitution made for Duduk. Supreme Court issued its order which was entered on March 18, 2021, after Duduk's death.
It is well-settled that "[t]he death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015[a]" (Silvagnoli v. Consolidated Edison Empls. Mut. Aid Socy., 112 AD2d 819, 820 [1985]; see Schnapp v Miller's Launch Inc., 135 AD3d 655 [1st Dept 2016]). While the parties need not renew their motions, proper substitution of a defendant must be made before the motion is decided(see Gonzalez v 231 Ocean Assoc., 131 AD3d 871, 872 [1st Dept 2015]). Since the order was issued after a defendant's death and without proper substitution, the appeal must be dismissed as we do not have jurisdiction to hear and determine the appeal (see Bluestein v City of New York, 280 AD2d 506 [2d Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021