Adika v New York City Tr. Auth. (2021 NY Slip Op 05161)





Adika v New York City Tr. Auth.


2021 NY Slip Op 05161


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 156526/12 Appeal No. 14250-,14250A Case No. 2020-04332 

[*1]Stephanie Adika, Plaintiff-Appellant,
v
The New York City Transit Authority et al., Defendants-Respondents.


Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., New York (Christopher J. DelliCarpini of counsel), for appellant.
Anna J. Ervolina, New York City Transit Authority, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 9, 2020, dismissing the complaint, and bringing up for review an order, same court and Justice, entered September 22, 2020, which denied plaintiff's motion to set aside the verdict and for a new trial, unanimously affirmed, without costs. Appeal from the above order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly denied plaintiff's motion to set aside the verdict and for a new trial. Contrary to plaintiff's contention that the verdict was against the weight of the evidence, the jury's finding was based on a fair interpretation of the evidence presented at trial (see Lolik v Big v Supermarkets, 86 NY2d 744, 746 [1995]). The evidence indicated that plaintiff gave varying accounts of what caused her to fall, and there was testimony from the bus driver and the bus inspector that the bus doors did not open directly in front of the tree well, where plaintiff testified she fell. Since the case turned on witness credibility, the court properly declined to disturb the verdict (see High Value Trading, LLC v Shaoul, 168 AD3d 641, 642 [1st Dept 2019], lv denied 33 NY3d 910 [2019]).
The court providently exercised its discretion in redacting the portion of the bus driver's incident report that referred to plaintiff's statement to the bus inspector. Although defendants did accuse plaintiff of recent fabrication, the hearsay statement did not refute this assertion because plaintiff's reported statement did not assert that she fell on the tree well, and she had a motive to fabricate the moment she fell (see Boolbol v Paradigm Mgt. Group, LLC, 144 AD3d 577 [1st Dept 2016], lv denied 29 NY3d 901 [2017]). Even if it was error to redact the report, such error was harmless since numerous references to the content of the redacted portion of the report were made during the trial so that the jury was likely aware of its content.
We find no misconduct on the part of defendants' counsel, and plaintiff failed to preserve the issue by timely moving for a mistrial prior to the jury verdict (see Virgo v Bonavilla, 49 NY2d 982, 984 [1980]). Counsel is afforded wide latitude in summation
to comment on and characterize the evidence (see Selzer v New York City Tr. Auth., 100 AD3d 157, 163 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021