Liakos v Spencer (2023 NY Slip Op 06596)

Liakos v Spencer

2023 NY Slip Op 06596

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 151419/13, 154283/14, 158943/15, 160305/15 Appeal No. 1287 Case No. 2023-02388 

[*1]Andrew Liakos, Plaintiff,
v
Wilbert A. Spencer et al., Defendants. [And a Third-Party Action]
Andrew Liakos, Plaintiff-Respondent,
v
Robert Franklin, Defendant, Mary Franklin, Defendant-Appellant.
[And Other Actions]

Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), for appellant.
DeColator, Cohen & DiPrisco LLP, Garden City (Carolyn M. Canzoneri of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 5, 2023, which denied defendant Mary Franklin's motion to vacate the court's January 10, 2023 order striking her answer for failure to comply with court orders and appear for three mandatory court conferences, unanimously affirmed, with costs.
The court had no jurisdiction over Robert Franklin based on his death two decades before the action was instituted and prior to the substitution of his estate (CPLR 1015[a]); however, his death did not affect the court's jurisdiction over Mary, his wife. The stay of the action that was granted by the court based on Robert's death and the failure to substitute his estate (see Thomas v Rubin, 197 AD3d 1061 [1st Dept 2021]) did not apply to Mary under CPLR 1015(b)and by its express terms.
The court providently exercised its discretion in determining that Mary failed to provide a reasonable excuse for failing to appear at three mandatory court conferences and provide discovery. While law office failure is an adequate excuse in certain situations (see Mediavilla v Gurman, 272 AD2d 146, 148 [1st Dept 2000]), here, there was a pattern by Mary's counsel of failing to properly calendar the case and comply with court orders (see Gonzalez v Praise the Lord Dental, 79 AD3d 550, 550 [1st Dept 2010]), and the excuse of law office failure was vague, conclusory, and unsubstantiated (see Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]).
Since Mary failed to offer a reasonable excuse for her default, it is unnecessary to address whether she had a meritorious defense (see Gonzalez v Praise the Lord Dental, 79 AD3d 550). However, her affidavit of merit was inadequate since it did not specify the location of her fence, the location of the accident, or substantiate that her fence was not in disrepair.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023