| |
|---|
| **Centeno v Krieff** |
| 2024 NY Slip Op 30294(U) |
| January 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805351/2019 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**

        *Justice*

PART        **56M**

---------------------------------------------------------------------------------X

TERESA CENTENO,

        Plaintiff,

- v -

DONALD S. KRIEFF, D.O., NEUROLOGICAL SURGERY, P.C., ST. JOSEPH'S HOSPITAL, KENNETH WENKE, and BOSTON SCIENTIFIC CORPORATION

        Defendants.

---------------------------------------------------------------------------------X

INDEX NO.    805351/2019

MOTION DATE    01/16/2024, 01/16/2024

MOTION SEQ. NO.    009, 010

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 116, 117, 118, 119, 120, 121, 122, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 154, 156, 157, 169, 170, 171

were read on this motion to/for    <u>VACATE STAY/SUBSTITUTE PARTY/AMEND CAPTION/X-MOTIONS TO DISMISS</u>  .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 123, 124, 125, 126, 127, 128, 129, 153, 155, 158, 164, 165, 166, 167, 168, 172

were read on this motion to/for    <u>DISMISS</u>  .

In this medical malpractice and negligence action, Evelyn Celeste Centeno (Centeno), as the executor of the estate of the deceased plaintiff, Teresa Centeno, moves pursuant to CPLR 1015 and 1021 to substitute herself as a party plaintiff in place and instead of the decedent, to vacate the automatic stay of proceedings imposed by operation of law upon the decedent's death, and pursuant to CPLR 305(c) for leave to amend the caption accordingly (MOT SEQ 009). The defendants oppose the motion. The defendants Donald S. Krieff, D.O., and Neurological Surgery, P.C. (together the Krieff defendants), cross-move, and the defendant St. Joseph's Hospital separately cross-moves, pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against each of them (MOT SEQ 009). Centeno opposes the cross motions. The defendants Kenneth Wenke and Boston Scientific Corporation (together the BSC defendants) separately move pursuant the CPLR 1021 to dismiss the complaint insofar as

**805351/2019   CENTENO, TERESA vs. KRIEFF, D.O., DONALD S**
**Motion No.  009 010**

**Page 1 of 5**

1 of 5

[* 1]

asserted against them (MOT SEQ 010).  Centeno opposes the separate motion.  Centeno's motion is granted, the cross motions are denied, and the BSC defendants' separate motion is denied.

The decedent commenced this action on October 25, 2019 by filing a summons with notice (*see* CPLR 304).  She served and filed the complaint on June 8, 2020, and served and filed an amended complaint on January 8, 2021.  On May 19, 2022, the decedent died, and all proceedings in this action thus were automatically stayed by operation of law on that date, pending substitution of a representative of her estate (*see Perez v City of New York*, 95 AD3d 675, 677 [1st Dept 2012]).  This court memorialized the stay in an order dated July 28, 2022.  On September 1, 2023, the Surrogate's Court, New York County, issued letters testamentary to Centeno, thus appointing her as the executor of the decedent's estate.  She now moves to substitute herself in this action for the decedent as a party plaintiff, to vacate the automatic stay, and for leave to amend the caption accordingly.  Centeno made the instant motion on October 19, 2023 (*see* CPLR 2211).

It is well settled that, where an administrator or executor is appointed as representative of the estate of a decedent who was a party to a pending action, substitution and amendment of the caption is appropriate (*see Tag 380, LLC v Estate of Howard P. Ronson*, 69 AD3d 471, 473-474 [1st Dept 2010]).  Centeno has submitted sufficient proof of her due appointment as executor of the decedent's estate.

Contrary to the defendants' contentions, Centeno did not wait an unreasonable time to seek appointment as executor or move for leave to substitute herself as the plaintiff in this action.  Rather, she petitioned the Surrogate's Court only several months after the decedent's death, and waited only six weeks from the time that she was appointed executor to make the instant motion.  The issue of what constitutes a "reasonable time" within the meaning of CPLR 1021 depends on the circumstances of the case (*see generally Randall v Two Bridges Assoc. Ltd. Partnership,* 139 AD3d 435 [1st Dept 2016]).  Here, the defendants waited less than 18

**805351/2019   CENTENO, TERESA vs. KRIEFF, D.O., DONALD S**
**Motion No.  009 010**

Page 2 of 5

months after the decedent's death to seek dismissal, and then only in response to the executor's motion to lift the stay and substitute herself as the plaintiff in this action. The court concludes that those defendants did not wait for a sufficient period of time before moving to dismiss the complaint pursuant to CPLR 1021, particularly because the decedent's former counsel and Centeno were working diligently since the decedent's death to secure Centeno's appointment as executor of the decedent's estate (*see Dugger v Conrad*, 189 AD3d 478 [1st Dept 2020] [where defendant waited only 16 months before moving to dismiss, and former counsel for deceased plaintiff was attempting to have the Public Administrator substituted as plaintiff, dismissal was premature]; *Tokar v Weissberg*, 163 AD3d 1031, 1032-1033 [2d Dept 2018] [lapse of 2½ years between decedent's death and defendant's submission of motion to dismiss under CPLR 1021 was insufficient to support defendant's contention that substitution had not been made within a reasonable time, particularly where the case revolved around medical records already in defendant's possession]; *Wan Fund Leung v Yan Q. Sun*, 2021 NY Slip Op 32625[U], *3-4, 2021 NY Misc LEXIS 6320, *4-5 [Sup Ct, N.Y. County, Dec. 8, 2021] [Kelley, J.] [where defendants waited only 18 months after decedent's death, and a Surrogate's Court petition that had been filed by decedent's heirs was pending, defendants did not wait a sufficient amount of time before motion]). Hence, the court must grant Centeno's motion, deny the Krieff defendants' and St. Joseph Hospital's cross motions, and deny the BSC defendants' separate motion.

In light of the foregoing, it is,

ORDERED that the motion of Evelyn Celeste Centeno (MOT SEQ 009) is granted, the automatic stay of proceedings imposed by operation of law upon the death of the plaintiff Teresa Centeno on May 19, 2022, as memorialized in this court's order dated July 28, 2022, is vacated and dissolved, and Evelyn Celeste Centeno, as executor of the estate of Teresa Centeno, is substituted as a party plaintiff in place and instead of Teresa Centeno; and it is further,

**805351/2019   CENTENO, TERESA vs. KRIEFF, D.O., DONALD S**
**Motion No.  009 010**

**Page 3 of 5**

ORDERED that the cross motion of the defendants Donald S. Krieff, D.O., and Neurological Surgery, P.C. (MOT SEQ 009), is denied; and it is further,

ORDERED that the cross motion of the defendant St. Joseph's Hospital (MOT SEQ 009) is denied; and it is further,

ORDERED that the motion of the defendants Kenneth Wenke and Boston Scientific Corporation (MOT SEQ 010) is denied; and it is further,

ORDERED that the caption of the action is amended to read as follows:

-------------------------------------------------------------------X

EVELYN CELESTE CENTENO, as Executor of the
Estate of TERESA CENTENO, Deceased,

Plaintiff,

v

DONALD S. KRIEFF, D.O., NEUROLOGICAL SURGERY,
P.C., ST. JOSEPH'S HOSPITAL, KENNETH WENKE, and
BOSTON SCIENTIFIC CORPORATION,

Defendants.

-------------------------------------------------------------------X

and it is further,

ORDERED that, within 15 days of the entry of this decision and order, the plaintiff shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/ LegacyPDFS/courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the plaintiff shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" **AND** (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY

**805351/2019   CENTENO, TERESA vs. KRIEFF, D.O., DONALD S**
**Motion No.  009 010**

Page 4 of 5

[* 4]

CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon amend the court records accordingly.

This constitutes the Decision and Order of the court.

_____
**1/23/2024**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION 9: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION 1: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION 2: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 10: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

805351/2019   CENTENO, TERESA vs. KRIEFF, D.O., DONALD S
Motion No.  009 010

Page 5 of 5

5 of 5