Antoniello v Faustina Corp. (2024 NY Slip Op 05304)

Antoniello v Faustina Corp.

2024 NY Slip Op 05304

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 604511/05 Appeal No. 2924-2925 Case No. 2024-00869, 2024-03175, 

[*1]Patricia Antoniello, etc., et al., Plaintiffs-Respondents,
v
Faustina Corporation, et al., Defendants-Appellants.

Jason Chang, New York, for appellants.
Bernfeld, DeMatteo & Bernfeld, L.L.P., New York (Joseph R. DeMatteo of counsel), for respondents.

Appeals from orders, Supreme Court, New York County (Andrea Masley, J.), entered October 24, 2023, which granted plaintiffs' motion to restore the case to the active calendar, and entered May 9, 2024, which granted a motion by Vincent Santelmo and Janice Simeon-Ruddy to intervene as plaintiffs and denied defendants' cross-motion to declare the October 24, 2023 order null and void, unanimously dismissed, without costs.
Plaintiff John Simeon's death almost one year before plaintiffs moved to restore this case to the calendar divested the court of jurisdiction over the proceedings until the substitution of a proper representative (see CPLR 1015[a]; Schnapp v Miller's Launch, Inc., 135 AD3d 655, 656 [1st Dept 2016]). Contrary to plaintiffs' contention, Simeon's claims did not extinguish upon his death under the plain language of Faustina Corporation's by-laws. Plaintiffs also do not explain how Simeon's rights "survive[] only to the surviving plaintiffs" as required under CPLR 1015(b), as plaintiffs simultaneously argue that Simeon's rights passed to his children, who were not plaintiffs at the time of the motion to restore.
Since both orders were "issued after [Simeon's] death and without proper substitution," and because no substitution has been made to date, "the appeal[s] must be dismissed as we do not have jurisdiction to hear and determine" them (Thomas v Rubin, 197 AD3d 1061, 1061 [1st Dept 2021]). "Since we do not address the merits of the underlying appeal[s], this dismissal is without prejudice" (Schnapp, 135 AD3d at 656).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024