| |
|---|
| **Deberardine v City of New York** |
| 2024 NY Slip Op 34238(U) |
| November 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156631/2016 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. J. MACHELLE SWEETING** | PART 62 |
| *Justice* | |

---------------------------------------------------------------------------X

ROSE DEBERARDINE and ROGER DEBERARDINE,

Plaintiffs,

- v -

CITY OF NEW YORK and CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.,

Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156631/2016 |
| MOTION DATE | 09/05/2024, 09/30/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 5, 8, 9, 10, 11, 12, 13, 15, 16, 19, 20, 21, 29, 30, 31

were read on this motion to/for          DISMISS         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28, 32, 33, 34, 35, 36, 37

were read on this motion to/for      DISMISS LACK OF PROSECUTION     .

In Motion Sequence Number 001, defendant Consolidated Edison Company of New York, Inc. ("Con Ed") moves to dismiss plaintiff's complaint for failure to prosecute (CPLR § 3216). In Motion Sequence Number 002, defendant The City of New York ("the City") seeks the same relief. The court consolidates the motions for purposes of disposition.

In this personal injury action, plaintiff Rose Deberardine alleged that, on June 11, 2015, she tripped and fell due to "a broken depressed area and a [pothole] in the street/roadway/ crosswalk on Madison Ave." and 89th Street in Manhattan (NYSCEF Doc. No. 26, *11 [Amended Verified Complaint, ¶ 19]). The initial complaint was filed on August 9, 2016 against the City only, (NYSCEF Doc. No. 1), and on January 27, 2017, plaintiffs filed an amended complaint against both the City and Con Ed. The parties appeared for a preliminary conference on November

156631/2016  DEBERARDINE, ROSE vs. CITY OF NEW YORK
Motion No.  001 002

Page 1 of 4

[* 1]

29, 2018, and subsequent discovery conferences were held on March 27, 2019, July 30, 2019, September 5, 2019, and December 23, 2019 (NYSCEF Doc. Nos. 9-13).

After years of inactivity, a conference was held on February 15, 2024 (NYSCEF Doc. No. 15) at which a Stipulation and Order issued, which states:

> "Defendant represents that this case has been stayed since 2022 as a result of the death of co-plaintiff Rose Deberardine . . . In view of the mutual subsequent failures to appear by the remaining co-plaintiff, Roger Deberardine, defendant City is authorized to file a 90-day notice to dismiss for failure to prosecute" (*id.*).

The City and Con Ed each served 90-day notices on plaintiffs on May 21, 2024 and June 24, 2024, respectively (NYSCEF Doc. Nos. 16 [City], 19 [Con Ed]). When the 90-day period ended  and plaintiffs had not responded, defendants filed the instant motions to dismiss.  Counsel for both defendants appeared before the undersigned for the first time on October 17, 2024 and Attorney Russell Resnick, who is not representing the plaintiffs, appeared as an officer of the court, to report that plaintiff Rose DeBerardine is deceased and that 94-year old plaintiff Roger DeBerardine, is in an assisted living facility and unable to appear.  Mr. Resnick reported that opposition to the pending motions would be filed on plaintiffs' behalf.

On October 20, 2024, Elaine DeBerardine filed opposition to defendants' motion.[1]  In her affirmation, counsel stated that plaintiff Rose DeBerardine passed away on October 6, 2022 (NYSCEF Doc. No. 32, *1) and that a copy of her death certificate had been shown to defendants' counsels and produced to the clerk of the court on February 15, 2024. A copy of Rose DeBerardine's death certificate was filed on NYSCEF on October 20, 2024.  (NYSCEF Doc. Nos. 30, 33).  Counsel contends that the 90-day notices are nullities, as the death of a party results in an

---

[1] Elaine DeBeradine is listed on NYSCEF as the attorney of record representing both plaintiffs, but she did not appear before the court or proffer any excuse for her non-appearnace.

**156631/2016   DEBERARDINE, ROSE vs. CITY OF NEW YORK**
**Motion No.  001 002**

**Page 2 of 4**

2 of 4

[* 2]

automatic stay of the proceedings.  Attorney Deberardine also denies ever having received the 90-day notices.

Con Ed did not reply to plaintiffs' opposition.  In its reply, the City argues that plaintiffs' opposition is untimely and that its 90-day notice complied with all requirements.  The City also argues that plaintiffs' inaction following the death of Rose Deberardine – especially their failure to appoint an administrator in a timely fashion – is itself fatal.

The death of a party effects an automatic stay of all proceedings" (*Thomas v Rubin*, 197 AD3d 1061, 1061 [1st Dept 2021]).  However, such stay is not indefinite.  CPLR 1021 states  that "if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed" if "substitution is not made within a reasonable time" (CPLR § 1021).  Here, over two years have elapsed since the passing of plaintiff Rose DeBerardine on October 6, 2022, but the record is not "sufficiently developed" on the issue of the reasonableness of the delay (*DB by Arlene B. v Montefiore Med. Ctr.*, 162 AD3d 478, 479 [1st Dept 2018]).  In her affirmation, Attorney DeBerardine states that the claims of plaintiff Roger DeBerardine are for loss of services, but she does not provide any information regarding her efforts to substitute an administrator for plaintiff Rose DeBerardine or provide a  reason for the delay in appointing the same or indicate in any way how long the case should be stayed.

**156631/2016   DEBERARDINE, ROSE vs. CITY OF NEW YORK**
    **Motion No.  001 002**

**Page 3 of 4**

[* 3]

Given the above, it is hereby

**ORDERED** that Motion Sequence Numbers 001 and 002 are denied without prejudice; and it is further

**ORDERED** that the action is stayed due to the death of co-plaintiff Rose DeBerardine; and it is further

**ORDERED** that no later than 90-days from the date of entry of this order, plaintiffs' counsel must inform this court and opposing counsel on the status of the appointment and substitution of an administrator on behalf of plaintiff Rose DeBerardine and the overall status of the case. The failure to do so may result in the stay being lifted and the case being dismissed as abandoned.

| __November 27, 2024__ | | | | _____ |
| **DATE** | | | | **J. MACHELLE SWEETING, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156631/2016   DEBERARDINE, ROSE vs. CITY OF NEW YORK**
**Motion No.  001 002**

**Page 4 of 4**

4 of 4