| **Rivera v Correa** |
|:---:|
| 2025 NY Slip Op 30125(U) |
| January 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 163058/2015 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JOHN J. KELLEY                     PART        IAS MOTION 56EFM

*Justice*

------------------------------------------------------------------------------X

GUILLERMINA RIVERA,                                 INDEX NO.        163058/2015

Plaintiff,                                          MOTION DATE      11/21/2024

- v -                                               MOTION SEQ. NO.     005

MICHAEL CORREA, M.D., MICHAEL CORREA, M.D., P.C., JEAN
SALEH, M.D., JEAN W. SALEH, M.D., P.C., ST. LUKE'S          **DECISION AND ORDER ON**
ROOSEVELT HOSPITAL CENTER, and LENOX HILL HOSPITAL,              **MOTION**

Defendants.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 88, 89, 90, 91, 92, 93, 94, 95, 96, 106, 117, 119, 120, 121, 123

were read on this motion to/for            DISMISS-CPLR 1021            .

This is an action to recover damages for medical malpractice. The defendants Jean Saleh, M.D., Jean W. Saleh, M.D., P.C., and St. Luke's Roosevelt Hospital Center (collectively the St. Luke's defendants) together move pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against them for the failure timely to substitute a representative of the plaintiff's estate in place and instead of the deceased plaintiff. The plaintiff's nephew, Jose Antonio Ortiz, opposes the motion. The motion is denied.

The plaintiff died on February 13, 2021, and her attorney notified the court of her death on November 18, 2021. As the court explained it in an order dated November 18, 2021, the death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution had been made pursuant to CPLR 1015(a) (*see Griffin v Manning*, 36 AD3d 530, 532 [1st Dept 2007]*; see also Perez v City of New York*, 95 AD3d 675, 677 [1st Dept 2012]; *Manto v Cerbone*, 71 AD3d 1099 [2d Dept 2010]; *Nieves v 331 E. 109th St. Corp*., 112 AD2d 59, 60 [1st Dept 1985]). It further noted that any determination rendered or proceedings held without such a substitution generally would have been deemed a nullity (*see Griffin v Manning*,

36 AD3d at 532; *Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1322-1323 [2d Dept 2010]; *Morrison v Budget Rent A Car Syst., Inc.*, 230 AD2d 253 [2d Dept 1997]; *Nieves v 331 E. 109th St. Corp.*,112 AD2d at 60). Rather, the court further explained that the action was automatically stayed upon the party's death (*see Perez v City of New York*, 95 AD3d at 677), and that the parties could not have "by agreement confer[red] subject matter jurisdiction upon the court where there is none" (*Cuomo v Long Island Lighting Co.*, 71 NY2d 349, 351 [1988]; *see Haverstraw Park, Inc. v Runcible Properties Corp.*, 33 NY2d 637 [1973]; *Stancu v Cheon Hyang Oh*, 74 AD3d at 1323) by stipulating to conducting further proceedings prior to the substitution of a personal representative for the deceased party. The court noted that any such stipulation would be "legally inoperative" (*Morrison v Budget Rent A Car Syst., Inc.,* 230 AD2d at 261).

On October 7, 2024, the St. Luke's defendants made the instant motion pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against them (*see* CPLR 2211). CPLR 1021 provides, in relevant part, that

> "[a] motion for substitution may be made by the successors or representatives of a party or by any party. If a person who should be substituted does not appear voluntarily he may be made a party defendant. If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate"

The issue of what constitutes a reasonable time depends on the circumstances of the case (*see Randall v Two Bridges Assoc. Ltd. Partnership*, 139 AD3d 435 [1st Dept 2016]), including the diligence of the party who will ultimately seek substitution, the prejudice to the other parties, and whether the party who eventually will be substituted has shown that the action has potential merit (*see Green v Maimonides Med. Ctr.*, 172 AD3d 824, 826 [2d Dept 2019]).

Although the St. Luke's defendants waited three years and eight months after the plaintiff's death to make the instant motion, Ortiz---the person who seeks to be substituted as the plaintiff herein---had already been deposed in this action, and had suffered a stroke after the plaintiff's death, rendering him temporarily incapable of petitioning the Surrogate's Court for the

issuance of letters of administration.  He now asserts that he has recovered, and is ready, willing, and able to seek the issuance of those letters, and to move to substitute himself as the plaintiff herein.  He thus has evinced no intention to abandon the action.  The St. Luke's defendants have not established, under the circumstances of this case, that they waited a "reasonable" time before moving to dismiss the complaint insofar as asserted against them, despite what, on its face, might seem to constitute a "protracted" delay on Ortiz's part in seeking substitution, or that they would be prejudiced by the substitution (*see Dugger v Conrad*, 189 AD3d 478, 479-480 [1st Dept 2020]; *Petion v New York City Health & Hosps. Corp.*, 175 AD3d 519, 520 [2d Dept 2019] [lapse of almost five years between plaintiff's death and appointment of representative of plaintiff's estate, and additional lapse of one more year before representative moved to be substituted, was insufficient to support defendant's cross motion to dismiss complaint pursuant to CPLR 1021 where it could not demonstrate prejudice]; *Tokar v Weissberg*, 163 AD3d 1031, 1032-1033 [2d Dept 2018] [lapse of 2½ years between decedent's death and defendant's submission of motion to dismiss under CPLR 1021 is insufficient to support defendant's contention that substitution had not been made within a reasonable time, particularly where, as here, the case revolved around medical records already in defendant's possession]; *see also Lee v Leeds, Morelli & Brown, P.C.,* _____AD3d_____,  2024 NY Slip Op 06624, *2-3 [2d Dept, Dec. 24, 2024] [despite the fact that the record did not establish diligence in seeking substitution, "there has been no prejudice to the defendants"] *cf. Kelly v St. Francis Hosp.*, 100 AD3d 707, 708 [2d Dept 2012] [affirming dismissal of complaint where no attempt at substitution was made during the three years following the plaintiff's death]; *Palmer v Selpan Elec. Co.,* 5 AD3d 248, 248 [1st Dept 2004] [dismissing complaint where no substitution had been effectuated for more than four years after the decedent's death]).

Nonetheless, the court will not countenance any further delay.  Hence, the denial of this motion is conditioned upon Ortiz's filing, with the appropriate Surrogate's Court, a petition for the

administration of the decedent's estate on or before March 14, 2025, and the filing of proof with this court that he has timely filed that petition with the Surrogate's Court.

Accordingly, it is

ORDERED that the motion is denied, on the conditions that, on or before March 14, 2025, Jose Antonio Ortiz shall petition the appropriate Surrogate's Court for his appointment as the administrator of the estate of Guillermina Rivera, and, on or before March 24, 2025, Jose Antonio Ortiz shall file proof with this court that he has timely filed such a petition with the appropriate Surrogate's Court.

This constitutes the Decision and Order of the court.

| **1/14/2025** | | | **JOHN J. KELLEY, J.S.C.** |
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |