Elizon Master Participation Trust I v Ali (2025 NY Slip Op 02289)

Elizon Master Participation Trust I v Ali

2025 NY Slip Op 02289

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 850131/15|Appeal No. 4148-4149|Case No. 2024-00171, 2024-00172|

[*1]Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee, Plaintiff-Respondent,
v
V Sheharbano Ali, Defendant-Appellant, International Plaza Condominium, Defendant. 

Walters & Walters, New York (Matthew J. Walters of counsel), for appellant.
Aldridge|Pite, LLP, Melville (David Welch of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered July 11, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to substitute Sheharbano Ali (Sheharbano) as defendant in place of Farida Ali (Farida) and to amend the caption, and denied Sheharbano's cross-motion to dismiss, unanimously affirmed, without costs. Order, same court and Justice, entered December 7, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to renew its motion for summary judgment, and, upon renewal, granted plaintiff's motion for a judgment of foreclosure and sale, confirmed the Referee's report, and directed the sale of the property foreclosed upon, unanimously reversed, on the law, without costs, and the motion to renew denied.
The motion court correctly substituted Sheharbano as defendant in place of her mother, Farida, after the latter's death. Before Sheharbano contested the court's jurisdiction by opposing plaintiff's motion to substitute, but after she informed the court on June 23, 2021, of her mother's death, she attended two conferences. After the court granted plaintiff's motion to substitute, Sheharbano litigated the case on the merits, opposing plaintiff's summary judgment motion and subsequent motion to renew. This "active participation in the litigation" constituted "special circumstances" that waived her jurisdictional defense (Griffin v Manning, 36 AD3d 530, 532 [1st Dept 2007] [internal quotation marks omitted]).
However, the motion court should not have granted plaintiff's motion to renew or treated the motion as a successive motion for summary judgment. Plaintiff failed to provide any justification for why, on its original motion, it did not lay a proper foundation for the documents on which it moved for summary judgment (Madison Park Dev. Assoc. LLC v Febbraro, 159 AD3d 569, 569-570 [1st Dept 2018]). Although Sheharbano never moved to vacate the court's order, dated March 13, 2018, granting summary judgment against Farida before she died, the order was issued two months before plaintiff's predecessor-in-interest assigned the note and mortgage to plaintiff. Once substituted as plaintiff, it needed to establish that it, as opposed to the original plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, had standing. Plaintiff provided no justification as to why it did not establish this on its original motion (see id. at 569 [renewal motion]; Jones v 636 Holding Corp., 73 AD3d 409, 409 [1st Dept 2010] [successive summary judgment motion]).
In light of our disposition of plaintiff's renewal motion, we do not reach the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025